JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11913-DMG (BFMx)** | Date | March 10, 2026 |
|---|---|---|---|

| Title | ***Miguel Serrato v. Centerra Integrated Fleet Services, LLC, et al.*** | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [13]**

**I.**
**BACKGROUND**

Plaintiff Michael Serrato was employed by Defendant Centerra Integrated Fleet Services, LLC ("Centerra") from October 31, 2021 through December 22, 2023 as a diesel mechanic. [Doc. # 1-1 ("Compl.") at ¶ 8.] On November 14, 2025, Serrato filed a Complaint in Los Angeles County Superior Court alleging that he was discriminated against based on disability, including adverse employment actions, harassment, and retaliation from his requests and use of disability accommodations. *Id.* at ¶¶ 11–22. Serrato filed a report, complaint, and charge against Centerra. *Id.* at ¶¶ 15–22.   In his Complaint, Serrato alleged Defendant Joe Torres, a resident of California, harassed Serrato due to his disability and request and use of disability accommodations. *Id.* at ¶¶ 3, 13.

On December 17, 2025, Centerra removed the action to this Court invoking diversity jurisdiction under 28 U.S.C. section 1332(a). [Doc. # 1 ("NOR").]   Serrato is a resident of California.   Compl. at ¶ 1.   Centerra is a Limited Liability Company ("LLC").   NOR at ¶ 14. Centerra has a chain of sole owner and operator Delaware LLCs, including New Constellis Holdings, Inc., a corporation incorporated in Delaware and with its principal place of business in Virginia.[1]   *Id.*   In its Notice of Removal, Centerra asserted Defendant Joe Torres was fraudulently joined.   *Id.* at ¶¶ 17–24.   Centerra asserted the amount in controversy is met.   *Id.* at ¶¶ 32, 51.

---

[1] The chain of sole owner/operators is the following:  Centerra's sole member/owner is Centerra Integrated Services, LLC (Delaware LLC); Centerra Integrated Services, LLC's sole member/owner is Centerra Group, LLC (Delaware LLC); Centerra Group, LLC's sole member/owner is Centerra-TDI Group Holdings, LLC (Delaware LLC); Centerra-TDI Group Holdings, LLC's sole member/owner is Constellis, LLC (Delaware LLC); Constellis LLC's sole member/owner is Constellis Holdings, LLC (Delaware LLC); Constellis Holdings, LLC's sole member/owner is Eagle LM5, LLC (Delaware LLC); Eagle LM5, LLC's sole member/owner is New Constellis Borrower, LLC (Delaware LLC); New Constellis Borrower, LLC's sole member/owner is New Constellis Intermediate, LLC (Delaware LLC); New Constellis Intermediate, LLC's sole member/owner is New Constellis Holdings, Inc. (corporation).

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>DD</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11913-DMG (BFMx)** | Date | March 10, 2026 |
|---|---|---|---|

| Title | ***Miguel Serrato v. Centerra Integrated Fleet Services, LLC, et al.*** | Page | 2 of 5 |
|---|---|---|---|

On January 26, 2026, the Court approved the parties' joint stipulation to substitute Defendant "Joe Mendoza" in place of "Joe Torres." [Doc. # 16.] Defendant Joe Torres was replaced with Joe Mendoza in all places in which Defendant Joe Torres appeared in the operative Complaint. *Id.*[2]

Serrato now moves to remand the action back to Los Angeles County Superior Court. [Doc. # 13 ("MTR").] Centerra filed an opposition. [Doc. # 18.] Serrato did not file a reply.

**II.**
**LEGAL STANDARD**

Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Diversity jurisdiction under 28 U.S.C. section 1332 requires that all plaintiffs in a suit be of diverse citizenship from all defendants. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

**III.**
**DISCUSSION**

Serrato contends the Court should remand this action because Defendant Joe Mendoza, a citizen of California, was not fraudulently joined and therefore destroys complete diversity. MTR at 3, 7.[3] The parties do not dispute the amount in controversy or the timeliness of the notice of

---

[2] The parties did not waive and expressly reserved all rights, claims, remedies, defenses and challenges in this action, including with respect to the pleadings, the propriety or effect of Serrato's substitution of Mendoza in place of Torres, and Plaintiff's claims against any named defendant. [Doc. # 16.]

[3] All page citations herein refer to the page numbers inserted by the CM/ECF system.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11913-DMG (BFMx)** | Date | March 10, 2026 |
|---|---|---|---|

| Title | ***Miguel Serrato v. Centerra Integrated Fleet Services, LLC, et al.*** | Page | 3 of 5 |
|---|---|---|---|

removal.  Centerra claims Mendoza is a fictitious defendant and therefore his citizenship must be disregarded.  Even if not a fictitious defendant, Centerra argues Mendoza was fraudulently joined. The Court will address each argument in turn.

### A.        Fictitious Defendant

"In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1332(b)(1).  District courts in the Ninth Circuit are split on whether the Court must consider, or disregard, the plaintiff's description of a fictitious defendant when determining whether complete diversity exists on a motion to remand.  *Compare Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020) (citing *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015)) *with Rojas by & through Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021).

The issue is "convoluted and unsettled."  *Johnson*, 475 F. Supp. 3d at 1083 (quotation marks and citation omitted).  The Court agrees with those courts that assess whether the "plaintiff's description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action."  *Id.* (citing *Gardiner Family*, 147 F. Supp. 3d at 1036); *see also Rodas v. Costco Wholesale Corp.*, No. CV 21-7183-DMG (GJSx), 2021 WL 5233526, at *2 (C.D. Cal. Nov. 10, 2021); *IDEA Custom Cabinetry & Design, Inc. v. DS Servs. of Am., Inc.*, No. CV 20-10138-DMG (RAOx), 2021 WL 1020403, at *2 (C.D. Cal. Mar. 16, 2021); *Yehuda Loya v. Costco Wholesale Corp.*, No. CV 20-9354-DMG (JCx), 2020 WL 7247782, at *2 (C.D. Cal. Dec. 9, 2020); *Barnes v. Costco Wholesale Corp.*, No. CV 19-7977-DMG (JPRx), 2019 WL 6608735, *2 (C.D. Cal. Dec. 4, 2019).

Centerra assert that it has no record of any employee named "Joe Torres," "Joseph Torres," Jose Torres," "Joe Mendoza," "Joseph Mendoza," or "Jose Mendoza," during the time period Serrato was employed with Centerra.  Decl. of Mary Barr ISO MTR Opp. ("Barr Decl.") at ¶¶ 6–7 [Doc. # 18-1].  Serrato asserts he will name "Joe/Jose" (Last Name Unknown) as DOE 1.  MTR at 4–5.  In essence, Defendant Mendoza is Joe/Jose DOE.

Serrato has alleged a reasonable indication of Joe/Jose DOE's identity, relationship to the action, and citizenship.  Serrato alleges Joe/Jose DOE (1) resides in California, (2) was an employee at Centerra at the time of Serrato's employment, and (3) harassed Serrato on the basis of his disability and his requests for or use of disability accommodations.  *Accord Rodas*, 2021 WL 5233526, at *2 (finding allegations regarding Doe supervisor/manager of the store plaintiff slipped in was sufficient); *Loya*, 2020 WL 7247782, at *2 (finding allegations regarding the Doe

---

CV-90                                  **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11913-DMG (BFMx)** | Date | March 10, 2026 |
|---|---|---|---|

| Title | ***Miguel Serrato v. Centerra Integrated Fleet Services, LLC, et al.*** | Page | 4 of 5 |
|---|---|---|---|

Costco employees responsible for a plaintiff's alleged injuries sufficient); *Barnes*, 2019 WL 6608735 (same). Serrato has alleged Joe/Jose DOE is a California citizen, which defeats complete diversity.

**B.      Fraudulent Joinder**

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). A removing defendant must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and "that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

Centerra argues Joe/Jose DOE is fraudulently joined because: (1) Serrato cannot recover from Joe/Jose DOE as he does not exist; (2) Serrato alleges "no factual allegations" of conduct by Joe/Jose DOE that "meets the legal definition of harassment"; (3) Joe/Jose DOE's alleged conduct does not rise to the level of actionable harassment; and (4) Serrato has not proffered additional facts supporting a viable claim against Joe/Jose DOE. Opp. at 17.

First, as discussed, the Court finds that, although Serrato may be unable to recall Joe/Jose DOE's correct name, that does not make him a fictitious or fraudulent defendant. *See* Opp. at 17–18. Second, Centerra fails to show "no possibility" that Serrato could prevail on any cause of action against Joe/Jose DOE. *Padilla*, 697 F. Supp. 2d at 1159. "Harassment" and "discrimination" claims under the California Fair Employment and Housing Act ("FEHA") are distinct from each other. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 705 (2009), *as modified* (Feb. 10, 2010). Serrato brings a harassment claim against Joe/Jose DOE. Compl. at ¶¶ 36–40. A harassment claim "often does not involve any official exercise of delegated power on behalf of the employer." *Id.* A harassment claim "focuses on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Id.* at 788. It is indeed *possible* that, following discovery, Serrato could prevail on a harassment claim against Joe/Jose DOE. Any

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-11913-DMG (BFMx)** | Date | March 10, 2026 |
|---|---|---|---|

| Title | ***Miguel Serrato v. Centerra Integrated Fleet Services, LLC, et al.*** | Page | 5 of 5 |
|---|---|---|---|

factual insufficiencies, such as the actual name of Joe/Jose DOE and the statements made or the pervasiveness of the conduct, are left for an adjudication on the merits. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).

Because Centerra has not shown that Joe/Jose DOE is a fictitious defendant, was fraudulently joined, and/or is a non-California citizen, complete diversity does not exist. The Court thus lacks subject matter jurisdiction over this action.

**IV.**
**CONCLUSION**

In light of the foregoing, Serrato's MTR is **GRANTED**. The hearing set for March 13, 2026 is **VACATED**. This action is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**